UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI L. JACKSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:24-CV-1999 |
| v. | (MEHALCHICK, J.) |
| BANKCORP, | |
| Defendant. | |

**ORDER**

Plaintiff Terri L. Jackson ("Plaintiff") filed this lawsuit against Bancorp Bank, N.A.[1] on November 13, 2024, in the Eastern District of Pennsylvania. (Doc. 1). On November 13, 2024, Plaintiff filed a motion to proceed *in forma pauperis.* (Doc. 2). The complaint was transferred to the Middle District on November 18, 2024. (Doc. 4). Plaintiff then filed a "supplement" to her complaint on November 29, 2024, which Chief Magistrate Judge Daryl Bloom construed to be an amended complaint. (Doc. 8; Doc. 21). On January 24, 2025, Judge Bloom conditionally granted Plaintiff's motion to proceed *in forma pauperis* and screened the complaint in accordance with 28 U.S.C. § 1915(e)(2). (Doc. 21). Judge Bloom then issued a Report and Recommendation recommending that Plaintiff's amended complaint be dismissed, but that Plaintiff be granted leave to file an amended the complaint. (Doc. 21). No objections have been timely filed to the Report. As such, the Court will **ADOPT** the Report and Recommendation. (Doc. 21).

---

[1] Both the complaint and amended complaint incorrectly identify the Defendant as "Bankcorp." (Doc. 1; Doc. 8).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in Judge Bloom Report and finds no clear error on the face of the record. (Doc. 21). **NOW, THEREFORE, IT IS HEREBY ORDERED** that the Report of Judge Bloom (Doc. 21) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. Plaintiff's amended complaint is **DISMISSED.** (Doc. 8). Plaintiff

will be afforded an opportunity to file a second amended complaint, within 30 days of this Order, on or before **April 12, 2025**.

                                                       **BY THE COURT:**

**Date: March 13, 2025**                                    *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States District Judge**